# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 22-10032 |
| | ) |
| JUSTIN RANDOLPH, | ) Chapter 13 |
| | ) |
| Debtor. | ) |
| | ) |
| PRAVATI SPV II, LLC, | ) Adv. Case No. 22-00190 |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| JUSTIN RANDOLPH, d/b/a Law Office of Justin G. Randolph, | ) Honorable Judge Deborah L. Thorne |
| | ) |
| Defendants. | ) |

## REPORT OF PARTIES' RULE 26(f) CONFERENCE

Pursuant to Fed. R. Bank. P. 7026 and Fed. R. Civ. P. 26(f), Plaintiff Pravati SPV II, LLC ("Plaintiff"), through its counsel Annie Y. Stoops of the law firm ArentFox Schiff LLP, and Defendant Justin Randolph ("Defendant," and collectively with Plaintiff, the "Parties"), through their counsel Justin R. Storer of the Law Office of William J. Factor, Ltd., have conferred regarding the discovery plan as proposed below. The Parties respectfully submit this report from their conference pursuant to Fed. R. Civ. P. 26(f).

1.  Rule 26(f)(3)(A): <u>Changes, if any, that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures</u>

were made or will be made – The Parties have agreed to exchange initial disclosures by May 12, 2023, to allow time for the Parties enter into a mutually agreeable protective order.

2. Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues – Defendant seeks discovery related to Plaintiff's funding of Defendant, Plaintiff's practices and conduct with Defendant and other borrowers, and Plaintiff's conduct and communications with investors. Plaintiff contends that discovery should focus on the facts, promises and representations made by Mr. Randolph related to his receipt of funding from Plaintiff and the facts, promises, and representations Mr. Randolph made thereafter. Plaintiff generally objects to Defendant's proposed scope of discovery as being overbroad and irrelevant – specifically, Plaintiff's conduct with "other borrowers" and Plaintiff's "conduct and communications with investors" are irrelevant to this non-dischargeability action against Defendant. Defendant generally objects to Plaintiff's proposed scope of discovery as the matters and facts have already been decided and established by the mandatory arbitration proceedings which found that Defendant did not engage in fraudulent conduct or have been waived by Plaintiff. The Parties anticipate discovery can be completed by October 31, 2023 if all parties are acting in good faith. The Parties do not believe discovery needs to be conducted in phases.

3. Rule 26(f)(3)(C): Whether there are any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced – The Parties do not anticipate any issues regarding disclosure or discovery of electronically stored information.

4. Rule 26(f)(3)(D): Whether there are any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert

AFDOCS:26853628.4

these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502 – Discovery in this case may give rise to disputes over claims of privilege. The Parties intend to submit a proposed protective order to protect any confidential, sensitive, proprietary, personal, or financial records that may be relevant to the claims and/or defenses.

5. Rule 26(f)(3)(E): Whether there should be any changes made in the limitations on discovery imposed under the Rules, and what other limitations should be imposed – The Parties do not believe any changes are necessary at this time.

6. Rule 26(f)(3)(F): Whether the Court should make any orders pursuant to Rule 26(c) or Rules 16(b) and 16(c) – The Parties intend to submit a proposed protective order along with a proposed scheduling order for the Court's approval. The Parties are not now requesting any order under Rule 16(c) but they reserve their right to later do so.

AFDOCS:26853628.4

Dated: March 20, 2023

By: /s/ *Annie Y. Stoops*
Aram Ordubegian (*pro hac vice admitted*)
Annie Y. Stoops (*pro hac vice admitted*)
ArentFox Schiff LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email: aram.ordubegian@afslaw.com
annie.stoops@afslaw.com

J. Mark Fisher (ARDC No. 3121711)
ArentFox Schiff LLP20
233 South Wacker Drive, Suite 7100
Chicago, IL 60606 USA
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: mark.fisher@afslaw.com

Attorneys for Pravati SPV II, LLC

Dated: March 20, 2023

By: /s/ *Justin R. Storer*
Justin R. Storer
FACTORLAW
105 W. Madison, Suite 1500
Chicago, IL 60602
Telephone: (312) 373-7226
Email: jstorer@wfactorlaw.com

Attorney for Justin G. Randolph

AFDOCS:26853628.4

## CERTIFICATE OF SERVICE

    I, Annie Y. Stoops, certify that I served a copy of this report on each entity shown on the following list at the address shown and by the method indicated on the list on March 20, 2023.

**Via ECF**:

Aram Ordubegian on behalf of Plaintiff Pravati SPV II, LLC
aram.ordubegian@afslaw.com

Annie Yang Stoops on behalf of Plaintiff Pravati SPV II, LLC
annie.stoops@arentfox.com

Justin R. Storer on behalf of Defendant Justin Randolph
jstorer@wfactorlaw.com, bsass@wfactorlaw.com;jstorer@ecf.courtdrive.com

Dated: March 20, 2023

By: */s/ Annie Y. Stoops*
    Annie Y. Stoops (*pro hac vice admitted*)
    ArentFox Schiff LLP
    555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013
    Telephone: (213) 629-7400
    Facsimile: (213) 629-7401
    Email: annie.stoops@afslaw.com